Minimum Mandatory ☐
Rule 35/5K1.1 ☐
Appeal Waiver ☒
Asset Forfeiture ☐
Restitution ☐
Other ☒

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR: 2:19-0001 |
| | ) |
| ALEX CRIBB | ) |

# PLEA AGREEMENT

## SUMMARY OF PLEA AGREEMENT

**DEFENSE COUNSEL:**

Keith Higgins

**STATUTES CHARGED:**

Count 1 – 18 U.S.C. § 371 – Conspiracy
Count 2 – 21 U.S.C. § 842(h) – Possession of Explosive Materials
Count 3 – 21 U.S.C. § 641 – Theft of Government Property

**COUNT PLEADING TO:**

Count 1 – 18 U.S.C. § 371 – Conspiracy

**STATUTORY PENALTIES:**

Imprisonment for not more than five (5) years,
A fine of up to $250,000, or both;
Not more than three (3) years supervised release; and
A $100 special assessment.

*Other – FOIA and Fed. R. Crim. P 11(f) waivers

**ELEMENTS OF THE OFFENSE:**

**Count 1:**

The elements necessary to prove the offense charged in Count 1, violation of 18 U.S.C. § 371 (Conspiracy) are:

(1) two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

(2) the Defendant knew the unlawful purpose of the plan and willfully joined in on it;

(3) during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and

(4) the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

**TERMS OF PLEA AGREEMENT:**

- Defendant will plead guilty to Count 1 of the Indictment.

- The government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines, and will move for an additional one-level reduction, if applicable, based on the Defendant's timely notice of his intention to enter a guilty plea.

- Defendant waives his right to appeal on any ground, with only three exceptions: he may appeal his sentence if (1) that sentence exceeds the statutory maximum, (2) that sentence exceeds the advisory Guidelines range determined by this Court at sentencing, or (3) the government appeals. By signing the plea agreement, Defendant explicitly instructs his attorney not to file an appeal unless one of the three exceptions is met.

- Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2555 motion. The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

- At sentencing, the government will move to dismiss any other Counts of the Indictment that remain pending against Defendant.

- Defendant waives all rights to request information about the investigation and prosecution of his case under the Freedom of Information Act or the Privacy Act.

- Defendant waives the protections of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. If he fails to plead guilty, or later withdraws his guilty plea, all statements made by him in connection with that plea, and any leads derived therefrom, shall be admissible for any and all purposes.

Minimum Mandatory ☐
Rule 35/5K1.1 ☐
Appeal Waiver ☒
Asset Forfeiture ☐
Restitution ☐
Other ☒

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>ALEX CRIBB   ) | CR: 2:19-0001 |

## PLEA AGREEMENT

Defendant **ALEX CRIBB**, represented by his counsel Keith Higgins, and the United States of America, represented by Special Assistant United States Attorney Katelyn Semales, respectfully state to this Honorable Court that they have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. Guilty Plea

Defendant agrees to enter a plea of guilty to Count One of the Indictment, which charges a violation of 18 U.S.C. § 371 (Conspiracy).

2. Elements and Factual Basis

The elements necessary to prove the offense charged in Count One are (1) that two or more persons in some way agreed to try to accomplish a shared and unlawful plan; (2) the Defendant knew the unlawful purpose of the plan and willfully joined in on it; (3) during the conspiracy, one of the conspirators knowingly

engaged in at least one overt act as described in the indictment; and (4) the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

Defendant agrees that he is, in fact, guilty of this offense. He agrees to the accuracy of the following facts, which satisfy the offense's required elements:

From on or around September 2010 up to and including February 15, 2018, the precise dates being unknown, in Camden County, in the Southern District of Georgia, and elsewhere, the defendant, **ALEX CRIBB**, did knowingly and willfully combine, conspire, confederate and agree with others known and unknown: (a) to knowingly receive, conceal, and retain stolen property belonging to the United States, to wit, small arms ammunition and explosives, with the intent to deprive the United States of the use and benefit of that property and to convert that property to their own use or gain, said property of a value exceeding $1,000, in violation of Title 18, United States Code, Section 641; and (b) to receive, possess, transport, conceal, store, and dispose of stolen explosive materials which had been shipped or transported in interstate or foreign commerce, knowing and having reasonable cause to believe that the explosive materials were stolen, in violation of Title 18, United States Code, Section 842(h).

In furtherance of and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Southern District of Georgia and elsewhere:

a) On or about September 2010 through July 2014, on multiple occasions, while serving as a United States Marine, the precise dates being unknown, defendant **ALEX CRIBB** stole small arms ammunition and explosives from Naval Submarine Base Kings Bay, in Camden County, Georgia.

b) On or about September 2010 through July 2014, the precise date being unknown, defendant **ALEX CRIBB** entered Naval Submarine Base Kings Bay, removed the stolen arms ammunition and explosives from Naval Submarine Base Kings Bay, and transported them to 103 Doris Street, St. Mary's Georgia, a rental property owned by Sean Patrick Reardon.

c) On or about September 2010 through July 2014, while serving as a United States Marine, the precise date being unknown, defendant **ALEX CRIBB** with others known and unknown buried the stolen small arms ammunition and explosives at 103 Doris Street, St. Mary's, Georgia.

3.  Possible Sentence

The Defendant's guilty plea will subject him to the following maximum possible penalties: 5 years' imprisonment, 3 years' supervised release, a $250,000 fine, such restitution as may be ordered by the Court, and forfeiture of all forfeitable assets. The Court additionally is obliged to impose a $100 special assessment.

4.  No Promised Sentence

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the

government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5. <u>Court's Use of Guidelines</u>

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining his sentence. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the facts underlying the particular Count to which Defendant is pleading guilty.

6. <u>Agreements Regarding Sentencing Guidelines</u>

    a.    *Acceptance of Responsibility*

The Government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on Defendant's timely notification of his intention to enter a guilty plea.

4

     b.    *Use of Information*

The government is free to provide full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

7.    <u>Dismissal of Other Counts</u>

At sentencing, the government will move to dismiss any other Counts of the Indictment that remain pending against Defendant.

8.    <u>Financial Obligations and Agreements</u>

     a.    *Special Assessment*

Defendant agrees to pay a special assessment in the amount of $100.00, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

     b.    *Required Financial Disclosure*

Not later than 30 days after the entry of his guilty plea, Defendant shall provide to the United States, under penalty of perjury, a financial disclosure form listing all of his assets and financial interest, whether held directly or indirectly, solely or jointly, in his name or in the name of another. The United States is authorized to run credit reports on Defendant and to share the contents of the reports with the Court and U.S. Probation.

9. <u>Waivers</u>

   a. *Waiver of Appeal*

   Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

   b. *Waiver of Collateral Attack*

   Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

   c. *FOIA and Privacy Act Waiver*

   Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

6

d. *Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver*

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

10. <u>Defendant's Rights</u>

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

11. <u>Satisfaction with Counsel</u>

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

12. **Breach of Plea Agreement**

If Defendant breaches the plea agreement, withdraws his guilty plea, or attempts to withdraw his guilty plea, the government is released from any agreement herein regarding the calculation of the advisory Sentencing Guidelines or the appropriate sentence. In addition, the government may (1) declare the plea agreement null and void, (2) reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or (3) file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

13. **Entire Agreement**

This agreement contains the entire agreement between the government and Defendant. The government has made no promises or representations except those set forth in writing in this Plea Agreement. The government further denies existence of any other terms or conditions not stated herein. No other promises, terms or conditions will be entered into unless they are in writing and signed by all the parties.

*Signatures on Following Page*

8

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

6/10/19
Date

_____
Karl I. Knoche
Chief, Criminal Division

6/10/19
Date

_____
Katelyn Semales
Special Assistant United States Attorney

*Signatures on Following Page*

9


I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

13 MAY 2019
Date

ALEX CRIBB, Defendant

I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.

5/13/19
Date

Keith Higgins, Defendant's Attorney

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. CR219-1 |
| ) | |
| ALEX CRIBB ) | |

ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change his plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This 7 day of June, 2019.

_____
HONORABLE LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA